HAYNES AND BOONE, LLP
Mark D. Erickson/Bar No. 104403
　　mark.erickson@haynesboone.com
Martin M. Ellison/Bar No. 292060
　　martin.ellison@haynesboone.com
600 Anton Blvd., Suite 700
Costa Mesa, California 92626
Telephone:　　(949) 202-3000
Facsimile:　　(949) 202-3001

Deborah S. Coldwell*
　　deborah.coldwell@haynesboone.com
Katie Dolan-Galaviz*
　　katie.dolan-galaviz@haynesboone.com
Jamee Cotton*
　　jamee.cotton@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:　　(214) 651-5000
Facsimile:　　(214) 200-0563
**pro hac vice* motion to be filed

Attorneys for Plaintiff
TGI FRIDAY'S INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TGI FRIDAY'S INC., <br><br> Plaintiff, <br><br> vs. <br><br> STRIPES RESTAURANTS, INC., JOHN PARDINI, and ROBERT PARDINI, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGMENT, UNFAIR COMPETITION, AND BREACH OF CONTRACT** |

　　Plaintiff TGI Friday's Inc. ("Fridays"), by and through counsel, files this Complaint against Defendants Stripes Restaurants, Inc., John Pardini, and Robert Pardini (collectively, "Defendants").

///

1

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

## JURISDICTION

1.   This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 because this is a civil action involving claims arising under the laws of the United States relating to trademarks and all other claims in the action are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1), because this action is between citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## PARTIES

2.   Plaintiff Fridays is a New York corporation with its principal place of business located at 4201 Marsh Lane, Carrollton, Texas 75007.  Fridays is, therefore, a citizen of the states of New York and Texas within the meaning and intent of 28 U.S.C. § 1332.

3.   Defendant Stripes Restaurants, Inc. ("Stripes") is a California corporation with its principal place of business located in Fresno, California.  Defendant Stripes is, therefore, a citizen of the state of California. Defendant Stripes may be served through its Registered Agent, John Pardini, at 4733 West Spruce Avenue, Number 116, Fresno, California 93722.

4.   Defendant John Pardini, upon information and belief, is an individual residing in California and is, therefore, a citizen of the state of California. Defendant John Pardini may be served with process at 4733 West Spruce Avenue, Number 116, Fresno, California 93722.

5.   Defendant Robert Pardini, upon information and belief, is an individual residing in Hawaii and is, therefore, a citizen of the state of Hawaii. Defendant Robert Pardini may be served with process at 562 North Kalaheo Avenue, Apartment D, Kailua, Hawaii 96734-2160.

## VENUE

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

## ALLEGATIONS COMMON TO ALL COUNTS

### *TGI Friday's Inc. and the Marks*

7. Fridays is a franchisor of casual themed restaurants, including TGI Fridays™ restaurants. TGI Fridays restaurants are typically full-service restaurants that feature a wide selection of freshly prepared popular foods and beverages served by well-trained, friendly employees in a relaxing setting characterized by Fridays' unique system.

8. As a result of the expenditure of time, skill, effort, and money, Fridays has developed and owns a distinctive system relating to the development, establishment, and operation of TGI Fridays™ restaurants (the "System"). The distinguishing characteristics of the System include a distinctive exterior and interior design and layout, including specially designed décor, furnishings, and color schemes; special recipes, menu items, and full service bar; menu formats; uniform standards; procedures and techniques for food and beverage preparation and services; automated management information and control systems for inventory controls, cash controls, and sales analysis; technical assistance and training through course instruction and manuals; and advertising and promotional programs.

9. Fridays identifies the System and TGI Fridays™ restaurants by means of certain names and marks, including "TGI Friday's," and "Friday's," and other names, marks, logos, insignias, slogans, emblems, symbols, and designs (collectively, the "Marks"). Pursuant to a license agreement with TGI Friday's of Minnesota, Inc., an affiliate of Fridays, Fridays has the exclusive right to use, and permit its franchisees to use, the Marks.

10. In connection with each franchised restaurant, the franchisee is permitted to (a) continuously operate a franchised TGI Fridays™ restaurant under the System, (b) to use, only in connection with said restaurant, the Marks and the System, as they may be modified, improved, or further developed from time to time by Fridays, and (c) do so only at the site specified by Fridays.

11. The principal Marks a franchise uses are as follows:

///

///

| Mark | Registration Date | Registration Number |
|---|---|---|
| T.G.I. Friday's | 12/14/1971 | 0,925,656 |
| Friday's | 1/29/1974 | 0,977,903 |
| T.G.I. *Friday's* Stylized | 6/22/1993 | 1,778,205 |
| T.G.I. Friday's & Design | 6/27/1995 | 1,902,042 |
| T.G.I. Friday's & New Design | 6/21/2005 | 2,963,202 |
| In Here, It's Always Friday | 12/16/1997 | 2,120,962 |
| Give Me More Friday's | 5/27/2008 | 3437060 |
| Give Me More Stripes | 6/9/2009 | 3636407 |
| TGI Fridays & Design (Brick) | 6/3/2014 | 4544761 |

12. The Marks are registered with the U.S. Patent and Trademark Office. Fridays has given notice to the public of the registration of the Marks as provided in 15 U.S.C. § 111.

*The Relevant Agreements between Fridays and Defendants*

**Elk Grove Franchise Agreement**

13. Effective on June 27, 2011, Fridays entered into a franchise agreement with EG Days, L.P. and its principals, John Pardini and Robert Pardini, for the operation of a TGI

Fridays™ restaurant located at 7101 Laguna Boulevard, Elk Grove, California 95758 (the "Elk Grove Franchise Agreement"). The Elk Grove Franchise Agreement was subsequently assigned by EG Days, L.P. to Stripes.

14. On the same date and as part of the Elk Grove Franchise Agreement, John Pardini and Robert Pardini executed the Guaranty Agreement.

15. The term of the Elk Grove Franchise Agreement is for a period of twenty (20) years or until June 27, 2031.

**Cupertino Franchise Agreement**

16. Effective on June 28, 2011, Fridays entered into a franchise agreement with COOP Days, L.P. and its principals, John Pardini and Robert Pardini, for the operation of a TGI Fridays™ restaurant located at 10343 North Wolfe Road, Cupertino, California 95014 (the "Cupertino Franchise Agreement"). The Cupertino Franchise Agreement was subsequently assigned by COOP Days, L.P. to Stripes.

17. On the same date and as part of the Cupertino Franchise Agreement, John Pardini and Robert Pardini executed the Guaranty Agreement.

18. The term of the Cupertino Franchise Agreement is until June 27, 2029.

**San Mateo Franchise Agreement**

19. Effective on June 28, 2011, Fridays entered into a franchise agreement with Mateo Days, L.P. and its principals, John Pardini and Robert Pardini, for the operation of a TGI Fridays™ restaurant located at 3101 South El Camino Real, San Mateo, California 94403 (the "San Mateo Franchise Agreement"). The San Mateo Franchise Agreement was subsequently assigned by Mateo Days, L.P. to Stripes.

20. On the same date and as part of the San Mateo Franchise Agreement, John Pardini and Robert Pardini executed the Guaranty Agreement.

21. The term of the San Mateo Franchise Agreement is until November 17, 2029.

**Roseville Franchise Agreement**

22. Effective on February 7, 2012, Fridays entered into a franchise agreement with Stripes and its principals, John Pardini and Robert Pardini, for the operation of a TGI

5

COMPLAINT FOR TRADEMARK INFRINGEMENT

1   Fridays™ restaurant located at 1168 Galleria Boulevard, Roseville, California 95678 (the
2   "Roseville Franchise Agreement").

3       23.    On the same date and as part of the Roseville Franchise Agreement, John
4   Pardini and Robert Pardini executed the Guaranty Agreement.

5       24.    The term of the Roseville Franchise Agreement is for a period of twenty (20)
6   years or until February 6, 2032.

7       25.    The restaurants operated pursuant to the Elk Grove, Cupertino, San Mateo, and
8   Roseville Franchise Agreements (the "Franchise Agreements") are collectively referred to as
9   the "Restaurants."

10   ***Relevant Provisions of the Franchise Agreements***

11       26.    Defendants agreed to perform pursuant to the Franchise Agreements' terms
12   and conditions.

13       27.    Pursuant to Section 3.01.B of the Franchise Agreements, Stripes was required
14   to pay Fridays a monthly royalty fees in the amount of four percent (4%) of gross sales each
15   month (the "Royalty Fee"). Late payments of the Royalty Fee bear interest at the lower of
16   eighteen percent (18%) or the maximum rate permitted by law from the due date until
17   payment is received by Fridays.

18       28.    Pursuant to Section 10.02 of the Franchise Agreements, Stripes was required to
19   pay Fridays a monthly advertising fee not to exceed four percent (4%) of gross sales (the "Ad
20   Fee").

21       29.    The Franchise Agreements were amended on September 22, 2014 to include a
22   payment schedule for past due amounts Defendants owed as of that date, which totaled
23   $171,129.24 (the "Past Due Payments"). Stripes was required to pay Fridays a Past Due
24   Payment each month in the amount reflected in the Past Due Amounts Schedule. Later
25   payments of the Past Due Amounts bear interest at five percent (5%).

26       30.    Defendants agreed that failure to make any payment due under the Franchise
27   Agreements on or before the date payable would constitute an "Event of Default." The
28   Franchise Agreements expressly provide that Fridays has a right to terminate the Agreements,

without an opportunity to cure, if three or more Events of Default occur within any continuous twelve (12) month period, notwithstanding previous cure of such Events of Default.

31. Upon termination, all rights of the Defendants to the use of the Marks and all other rights and licenses granted under the Franchise Agreements reverted to Fridays and Defendants were required to, among other things, (1) immediately cease to operate the restaurants under the System; (2) immediately cease to use any Confidential Information (as defined in the Franchise Agreements), the System and the Standards, and the Marks and other distinctive signs, symbols, and devices associated with the System; and (3) immediately deliver to Fridays all Confidential Information and copies thereof.

32. Defendants expressly agreed that they would cease all use of the Marks upon termination or expiration of the Franchise Agreements. Defendants also agreed that any unauthorized use of the Marks would constitute an infringement of Fridays' rights.

33. Defendants expressly agreed that Fridays' exercise of the rights and remedies set forth in the Franchise Agreements, including obtaining injunctive or other equitable relief, was reasonable.

34. Finally, Defendants agreed that Texas law, except for Texas choice of law rules, would apply to all matters arising under or relating to the Franchise Agreements, including the interpretation and construction of the Franchise Agreements.

*Defendants' Breaches and Termination of the Franchise Agreements*

35. In July 2014, Defendants failed to pay Fridays Royalty Fees, Ad Fees, and trade debts due under the Franchise Agreements totaling at least $334,331.08. By letter dated July 22, 2014, Fridays served Defendants with a notice of default and provided Defendants with an opportunity to cure (the "July 2014 Notice").

36. Thereafter, Defendants made a partial payment of the past due amount and Fridays agreed to amend the Franchise Agreements to allow Defendants to remit the remainder over a two (2) year period pursuant to a payment schedule.

37. Nevertheless, Defendants again failed to timely pay Fridays Royalty Fees, Ad

7

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

1   Fees, and the Past Due Payments due under the Franchise Agreements, this time in the
2   amount of $124,404.06.  By letter dated October 30, 2014, Fridays served Defendants with a
3   notice of default and provided Defendants with an opportunity to cure (the "October 2014
4   Notice").

5   38.   Defendants requested, and Fridays granted, a conditional extension of the cure
6   period. Though not before the extended cure period expired, Defendants eventually remitted
7   amounts outlined in the October 2014 Notice.

8   39.   In early 2015, Defendants again failed to timely pay Fridays Royalty Fees, Ad
9   Fees, and the Past Due Payments due under the Franchise Agreements. On March 23, 2015,
10  Fridays served Defendants with their third notice of default within the nine (9) preceding
11  months, which constituted a Material Event of Default under Section 16.01.C(2) of the
12  Franchise Agreements (the "March 2015 Notice"). In the March 2015 Notice, Fridays also
13  provided Defendants with written notice of termination of all of the Franchise Agreements
14  effective March 24, 2015.

15  40.   On April 10, 2015, Defendants made a small payment towards the total amount
16  of the past due Royalty Fees, Ad Fees, Past Due Payments, and other expenses and interest
17  due under the Franchise Agreements.  Nevertheless, more than $110,000, plus interest,
18  remains past due and owing by Defendants.

19  *Defendants' Unauthorized Use of the Marks Following Termination*

20  41.   In the March 2015 Notice, Fridays demanded that Defendants comply with
21  their post-termination obligations under the Franchise Agreements and provide proof thereof
22  by March 28, 2015.  Despite their explicit agreement to the contrary, Defendants have made
23  no effort to de-identify, continue to use the Marks without Fridays' authorization, and
24  continue to pass off the Restaurants and the goods and services offered by Defendants as
25  being authorized by Fridays when in fact they are not.

26  42.   On April 3, 2015, Fridays sent a cease and desist letter to Defendants regarding
27  Defendants' failure to comply with the post-termination obligations and unauthorized use of
28  the Marks.  Specifically, Fridays demanded that Defendants discontinue all use of the Marks,

including removing all signage, custom graphics, and logos from the interior and exterior of the Restaurants, and cease all use of the Marks and Fridays' name in connection with the Restaurants. Fridays demanded compliance by April 10, 2015.

43. Nevertheless, to date, Defendants continue to pass off the Restaurants and the goods and services offered by Defendants at the Restaurants as being authorized by Fridays. The visible Marks include, but are not limited to, interior and exterior signage and Fridays logo displayed on posters, menus, and receipts used in the Restaurants. Defendants also continue to display Fridays' distinctive décor, furnishings, and color schemes. Defendants are offering food and beverage items at the Restaurants that are identical or nearly identical to the food and beverage items sold by authorized Fridays' franchisees. Customers are confused by Defendants' continued use of the Marks and believe that the Restaurants are authorized Fridays' franchised restaurants.

44. Fridays made numerous attempts to work with Defendants to cure their defaults under the Franchise Agreements and to allow them to continue to operate the Restaurants in accordance with Fridays' System. Despite Fridays' efforts, Defendants continued to default under the Franchise Agreements and now refuse to comply with the post-termination obligations by refusing to de-identify and continuing to infringe the Marks, among other things.

## FIRST CLAIM FOR RELIEF

*Violations of the Lanham Act Against All Defendants*

45. Fridays realleges and incorporates herein by reference each of the factual allegations in paragraphs 1 through 44 above as though fully set forth herein.

46. Fridays requests that Defendants cease and desist from use of the Marks. Pursuant to the terms of the Franchise Agreements, Defendants agreed that they would, among other things: (i) absolutely and unconditionally cease to use the Marks upon termination; (ii) cease immediately operating the Restaurants and not identify as or represent that they were operating TGI Fridays™ restaurants; and (iii) entitle Fridays to seek injunctive or similar relief to enforce compliance with the terms of the Franchise Agreements.

47. Paragraph 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant."

48. Defendants are operating the Restaurants through the unauthorized use of the Marks, Fridays' trade dress, and other proprietary materials. Such use has caused confusion or mistake among prospective or actual customers, in violation of Paragraph 32 of the Lanham Act.

49. Paragraph 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services…shall be liable in a civil action . . ."

50. Defendants' actions in operating the Restaurants, through and with the Marks, constitute:

    a. a false designation of origin;

    b. a false and misleading description of fact; and

    c. a false and misleading representation of fact;

that has caused and is likely to continue to cause confusion, mistake, or deception to the effect that Fridays' sponsors or approves of the services that Defendants provide at the Restaurants, all in violation of Paragraph 43(a) of the Lanham Act.

51. Paragraph 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), provides that "[s]ubject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use

of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."

52. Defendants' use of the Marks in connection with goods and services at the Restaurants, after the Marks became famous, has caused and will continue to cause dilution and disparagement of the distinctive quality of the Marks, and has lessened and will continue to lessen the capacity of the Marks to identify and distinguish the goods and services of Fridays, all in violation of Paragraph 43(c) of the Lanham Act.

53. Defendants' ongoing acts of infringement in violation of Paragraphs 32, 43(a), and 43(c) of the Lanham Act are malicious, fraudulent, willful, and deliberate.

54. Fridays has no adequate remedy at law. Defendants' ongoing acts of infringement in violation of Paragraphs 32, 43(a), and 43(c) of the Lanham Act have caused and will continue to cause irreparable harm to Fridays unless Defendants are enjoined. Fridays is entitled to an injunction pursuant to 15 U.S.C. § 1116(a).

55. Fridays has suffered, and will continue to suffer, damages as a result of Defendants' infringement of the Marks, including damage to Fridays' business reputation and goodwill. Fridays is entitled to recover any and all profits Defendant has made as a result of its wrongful conduct, any damages sustained by Fridays, and the costs of this action. The damages should be trebled pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b). In the alternative, Fridays is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

56. Fridays has incurred and continues to incur reasonable and necessary attorneys' fees together with court costs and litigation expenses. Fridays is entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

*California Unfair Competition and False Advertising,*

*Bus. & Prof. Code §§ 17200 and 17500 et seq. Against All Defendants*

57. Fridays realleges and incorporates herein by reference each of the factual allegations in paragraphs 1 through 44 and 46 through 55 above as though fully set forth herein.

58. Defendants have engaged in unlawful, unfair, fraudulent, untrue, and misleading acts, practices and advertising, in violation of California Business & Professions Code Sections 17200 and 17500, *et. seq.*, including by, among other things, using the Marks and/or confusingly similar marks in commerce; and making false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Fridays, and/or as to the origin, sponsorship, or approval of Defendants' goods or services, or commercial activities.

59. As a direct and proximate result of Defendants' wrongful acts, Fridays has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. As such, Fridays' remedy at law is not adequate to compensate for injuries inflicted by Defendants and Fridays is entitled to injunctive relief.

60. Fridays has lost money that has been acquired by Defendants by means of Defendants' wrongful acts. Fridays is entitled to restitution of this money in an amount to be proven at trial. Fridays has incurred and continues to incur reasonable and necessary attorneys' fees together with court costs and litigation expenses.

## THIRD CLAIM FOR RELIEF

*Breach of the Franchise Agreements Against Defendant Stripes*

61. Fridays realleges and incorporates herein by reference each of the factual allegations in paragraphs 1 through 44, 46 through 56, and 58 through 60 above as though fully set forth herein.

62. Fridays has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Franchise Agreements, or Fridays was excused from such performance.

63. All conditions required by the Franchise Agreements for Defendant Stripes' performance have occurred or were excused.

64. Defendant Stripes has breached the Franchise Agreements by, among other things, (1) failing to timely pay Royalty Fees and Ad Fees, which prompted notices of default

dated July 22, 2014, October 30, 2014, and March 23, 2015, and (2) failing to perform its post-termination obligations.

65. As a direct and proximate result of Stripes' breaches, Fridays has been damaged in an amount of not less than $110,000. Fridays is entitled under the Franchise Agreements to interest on this sum at the lesser of the maximum legal rate or eighteen percent (18%) per annum.

66. Fridays has incurred and continues to incur reasonable and necessary attorneys' fees together with court costs and litigation expenses. Pursuant to Section 16.05 of the Franchise Agreements, Fridays is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in successfully enforcing, or obtaining any remedy arising from the breach of, the Franchise Agreement. Pursuant to Section 17.07 of the Franchise Agreements, Fridays is entitled to recover its reasonable attorneys' fees, court costs and expenses incurred in connection with obtaining injunctive relief. Pursuant to Texas Civil Practice and Remedies Code Chapter 38.001 et. seq., Fridays may recover reasonable and necessary attorneys' fees if the claim is based on a breach of a written contract.

## FOURTH CLAIM FOR RELIEF

*Breach of the Franchise Agreements – Past Due Payments Against Defendant Stripes*

67. Fridays realleges and incorporates herein by reference each of the factual allegations in paragraphs 1 through 44, 46 through 56, 58 through 60, and 62 through 65 above as though fully set forth herein.

68. Fridays has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Franchise Agreements, or Fridays was excused from such performance.

69. All conditions required by the Franchise Agreements for Defendant Stripes' performance have occurred or were excused.

70. The Franchise Agreements were terminated effective March 24, 2015.

71. By virtue of the premature termination of the Franchise Agreements, Fridays sustained a loss of revenue from the Past Due Payments that should have been paid according to the Payment Schedule set out in the Amendment to the Franchise Agreements.

72. As a direct and proximate result of Stripes' breaches, Fridays has been damaged in an amount of the unpaid Past Due Payments. Fridays is entitled under the Amendment to the Franchise Agreements to interest on this sum at the rate of five percent (5%) per annum.

73. Fridays has incurred and continues to incur reasonable and necessary attorneys' fees together with court costs and litigation expenses. Pursuant to Section 16.05 of the Franchise Agreements, Fridays is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in successfully enforcing, or obtaining any remedy arising from the breach of, the Franchise Agreement. Pursuant to Texas Civil Practice and Remedies Code Chapter 38.001 et. seq., Fridays may recover reasonable and necessary attorneys' fees if the claim is based on a breach of a written contract.

## FIFTH CLAIM FOR RELIEF

*Breach of the Guaranty Agreements Against Defendants John Pardini and Robert Pardini*

74. Fridays realleges and incorporates herein by reference each of the factual allegations in paragraphs 1 through 44, 46 through 56, 58 through 60, 62 through 65, and 68 through 73 above as though fully set forth herein.

75. Pursuant to the Guaranty Agreements, John Pardini and Robert Pardini each individually, jointly and severally, irrevocably and unconditionally guaranteed that all of Stripes' obligations under the terms and conditions of the Franchise Agreements would be timely paid and performed.

76. Fridays has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Franchise Agreements and the Guaranty Agreements, or Fridays was excused from such performance.

77. All conditions required by the Franchise Agreements or the Guaranty Agreements for John Pardini and Robert Pardini's performance have occurred or were excused.

78. As a direct and proximate result of Stripes' breaches of the Franchise Agreements and the Pardinis' breaches of the Guaranty Agreements, Fridays has been damaged in an amount to be proven at trial as well as interest.

79. Fridays has incurred and continues to incur reasonable and necessary attorneys' fees together with court costs and litigation expenses.  Pursuant to Section 16.05 of the Franchise Agreements, Fridays is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in successfully enforcing, or obtaining any remedy arising from the breach of, the Franchise Agreement. Pursuant to Texas Civil Practice and Remedies Code Chapter 38.001 et. seq., Fridays may recover reasonable and necessary attorneys' fees if the claim is based on a breach of a written contract.

WHEREFORE, Fridays respectfully prays for judgment in its favor and against Defendants, jointly and severally, for:

a. A temporary restraining order and a preliminary and permanent injunction restraining and enjoining Defendants, their agents, servants, employees, and attorneys, and all those who are in active concert or participation with them from engaging in the following acts:

  i. Marketing, promoting, and/or selling products and services to customers at the Restaurants through and with the Marks;

  ii. Using the Marks and any other name or marks confusingly similar to the Marks in the advertising or sale of any goods or services at the Restaurants;

  iii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, or any combination thereof that would imitate, resemble or suggest the Marks at the Restaurants;

  iv. Otherwise infringing the Marks;

  v. Passing off any goods or services as those of Fridays or Fridays' authorized franchisees;

  vi. Diluting the distinctiveness of the Marks and otherwise injuring Fridays' reputation in any manner; and

  vii. Unfairly competing with Fridays or Fridays franchisees, in any manner.

  b. An order directing Defendants to remove and deliver to Fridays all Confidential Information and all copies thereof (without regard to form or format), and all records, files, instructions, correspondence, and all other materials related to operating the Restaurants;

  c. An order requiring Defendants to file with the Court and serve on Fridays counsel within ten (10) days after the issuance of any injunction, a report in writing and under oath setting forth in detail the manner and form with which they have complied with the injunction;

  d. Such damages as Fridays has sustained by reason of Defendants' trademark infringement and unfair competition and, because of Defendants' willful conduct, a judgment for Fridays for three times the amount of said damages pursuant to 15 U.S.C. § 1117;

  e. Such damages as Fridays has sustained as a result of Defendants' breaches of the Franchise Agreements or the Guaranty Agreements;

  f. The costs and expenses, including reasonable attorneys' fees, incurred by Fridays in connection with this action;

  g. Pre-judgment and post-judgment interest; and

  h. Such other and further relief as this Court shall deem just and proper.

DATED: April 15, 2015      HAYNES AND BOONE, LLP

             By: /s/ Mark D. Erickson
                Mark D. Erickson
                Attorneys for Plaintiff
                TGI FRIDAY'S INC.