# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TGI FRIDAY'S INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRIPES RESTAURANTS, INC., et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00592-AWI-SAB<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION<br><br>ECF NO. 21 |

　　　　On May 12, 2015, Defendants Stripes Restaurants, Inc., John Pardini, and Robert Pardini ("Defendants") filed an Ex Parte Application for Order (1) Continuing Hearing on Plaintiff TGI Friday's Inc.'s Motion for Preliminary Injunction and (2) Permitting Limited Expedited Discovery Before Rule 26(f) Conference.  (ECF No. 21.)  This matter was referred to the undersigned magistrate judge for ruling on May 12, 2015.  (ECF No. 22.)

　　　　The Court finds it appropriate for the matter to be submitted upon the record and brief on file without need for oral argument.  See Local Rule 230(g).  The Court has reviewed Defendants' submissions which included the Plaintiffs' position with regard to the pending dispute, and therefore, does not require a hearing or written response from Plaintiffs in order to decide the matter.  For the reasons set forth below, Defendants' ex parte application is denied.

# I.

# BACKGROUND

Plaintiff TGI Friday's Inc. ("Plaintiff") filed the complaint in this action on April 15, 2015. (ECF No. 1.) Plaintiff brings claims against Defendants for trademark violations, violation of California's Unfair Competition laws, and for breaches of franchise agreements.

Plaintiff alleges that it is the franchisor of TGI Fridays restaurants. Defendants are franchisees for TGI Fridays restaurants in Elk Grove, Cupertino, San Mateo, and Roseville, California. Plaintiff alleges that Defendants breached the franchise agreements by failing to pay royalty fees, ad fees, and trade debts. Plaintiff further alleges that it validly terminated the franchise agreements following Defendants' breaches, but Defendants continued to operate TGI Fridays restaurants in violation of the Lanham Act.

On April 28, 2015, Plaintiff filed a motion for preliminary injunction. (ECF No. 11.) Plaintiff seeks to enjoin Defendants from infringing upon Plaintiff's trademarks. Plaintiff's motion is scheduled to be heard on June 1, 2015, at 1:30 p.m. in Courtroom 2 before District Judge Anthony W. Ishii. Under Local Rule 230(c), Defendants' opposition is due on May 18, 2015.

On May 12, 2015, Defendants filed the present ex parte application. Defendants argue that a continuance is warranted to allow Defendants to conduct "expedited discovery" to support Defendants' opposition to the motion for preliminary injunction. A proposed order submitted with Defendants' ex parte application sets forth the categories of discovery Defendants sought from Plaintiff in connection with the motion for preliminary injunction.

# II.

# DISCUSSION

Defendants' ex parte application requests that the Court continue the hearing date on Plaintiff's motion for a preliminary injunction to allow Defendants to conduct expedited discovery to support their opposition to the motion. Defendants intend to demonstrate that Plaintiff breached its duties under the franchise agreements, Plaintiff caused any alleged breach by Defendants, Plaintiff improperly terminated the franchise agreements, and Plaintiff will not

prevail on the merits of this action.  Defendants seek to depose certain individuals from Plaintiff's company and ask that Plaintiff produce certain documents related to Defendants' alleged breach of the franchise agreements.

/ / /

Generally, Federal Rule of Civil Procedure 26(d) provides that discovery shall not commence until after the conference required by Rule 26(f).  However, expedited discovery prior to the Rule 26(f) conference may be permitted by the Court upon a showing of good cause. American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  Good cause may be demonstrated in the context of an action involving a request for a preliminary injunction. See Fed. R. Civ. P. 26 advisory committee's note.  However, "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction."  American LegalNet, Inc., 673 F. Supp. 2d at 1066.  Factors courts consider when determining whether good cause exists to conduct expedited discovery include 1) whether a preliminary injunction is pending, 2) the breadth of the discovery requests, 3) the purpose for requesting the expedited discovery, 4) the burden on the defendants to comply with the requests, and 5) how far in advance of the typical discovery process the request was made.  Id.

In this case, the Court finds that the discovery requested by Defendants is overbroad and Defendants have not articulated a valid need for the expedited discovery.  As an initial matter, the Court notes that Plaintiff, as the moving party to its motion for a preliminary injunction, bears the burden of proof of demonstrating that the requirements for a preliminary injunction have been met.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 443 (1974).  Moreover, the burden on Plaintiff is a heavy one, as "plaintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this 'extraordinary remedy.'"  Earth Island Institute v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010).  Accordingly, the lack of discovery in this action is more prejudicial to Plaintiff than Defendants, since Plaintiff carries the burden of proof on its motion.  Generally, motions for expedited discovery in connection with motions for preliminary injunctions are made by the moving party requesting the injunctive relief, not the opposing party who does not carry

the burden of justifying injunctive relief.  See <u>American LegalNet, Inc. v. Davis</u>, 673 F. Supp. 2d 1063 (C.D. Cal. 2009); <u>El Pollo Locl, S.A. de C.V. v. El Pollo Loco, Inc.</u>, 344 F. Supp. 2d 986 (S.D. Tex. 2004); <u>Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418 (D. Colo. 2003); <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273 (N.D. Cal. 2002).  Notably, discovery is not necessary for Defendants to get fair notice of the evidence Plaintiff will be relying on in support of its motion.  Plaintiff's evidence was submitted with the motion.

Second, Defendants' ex parte application only offers vague labels and conclusions to justify the need for discovery.  Defendants in their ex parte application have failed to demonstrate that a continuance is warranted or that the Court should not consider the merits of the motion for a preliminary injunction until further discovery is conducted.  The purported "defenses" raised in the ex parte application are vague and unclear.  Defendants argue that Plaintiff's interfered with Defendants' attempts to sell the franchises to a third party.  Defendants offer no explanation of how Plaintiff's actions were wrongful or how those actions excuse or justify Defendants' alleged failure to pay the fees owed under the franchise agreements.  It is unclear how Plaintiff's actions caused Defendants' own breach of the franchise agreements.  Defendants vaguely argue that Plaintiff failed to comply with the franchise agreements and improperly terminated the agreements without explaining how.  The Court will not delay resolution of Plaintiff's motion when Defendants fail to articulate exactly what they would be looking for during discovery and how it is relevant to the motion.

In addition to Defendants' failure to clearly articulate the bases of their defenses, Defendants fail to explain how their discovery requests are related to those defenses.  Defendants' requests are overbroad.  It is unclear why depositions are necessary of Plaintiff's Franchise Development Officer or the various corporate representatives on the topics listed in the proposed order, such as Plaintiff's strategies for franchise expansion and retraction in California.  The 18 categories of documents requested by Defendants also appear overbroad, such as documents related to Defendants' attempts to sell their franchises and documents related to Plaintiff's inspection of TGI Fridays franchises.  In light of Defendants' failure to articulate a

specific need for any of this requested discovery, Defendants' request for expedited discovery appears to be based on the speculative hope that their requests uncover something that may be relevant to the motion for preliminary injunction.  See American LegalNet, Inc., 673 F. Supp. 2d at 1068-69 (denying expedited discovery where party made no effort to limit the topics to those pertinent to motion for preliminary injunction).

Given the high burden on Plaintiff to justify the need for a preliminary injunction, Defendants need not present a complete evidentiary showing akin to what would be shown at trial, Defendants need only submit what little evidence is necessary to prevent Plaintiff from meeting its own high burden.  Defendants make no attempt to explain why "expedited discovery" is necessary for Defendants to meet their burden in opposing Plaintiff's motion.

Based upon the foregoing, the Court finds that Defendants have failed to demonstrate good cause to warrant a continuance of the preliminary injunction hearing or to warrant expedited discovery procedures.

### III.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Defendants are not entitled to the relief requested in their ex parte application.

Accordingly, it is HEREBY ORDERED that Defendants' ex parte application is DENIED.  The hearing on Defendants' ex parte application is VACATED.

IT IS SO ORDERED.

Dated:   **May 13, 2015**

UNITED STATES MAGISTRATE JUDGE