**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TGI FRIDAY'S INC., | Case No. 1:15-cv-00592-AWI-SAB |
| Plaintiff, | HON. ANTHONY W. ISHII |
| vs. | COURTROOM 2 |
| STRIPES RESTAURANTS, INC., JOHN PARDINI, and ROBERT PARDINI, | **AMENDED STIPULATION AND ORDER FOR FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| Defendants. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT** |

Plaintiff TGI Friday's Inc. ("Fridays") and Defendants Stripes Restaurants, Inc., John Pardini, and Robert Pardini ("collectively. Defendants"), do hereby stipulate and agree as follows:

1.  The Final Judgment and Permanent Injunction ("Judgment") herein may be entered in the above-captioned matter pending before the United States District Court for the Eastern District of California.

2.  Fridays and Defendants hereby waive their right to move for a new trial or otherwise seek to set aside the Judgment through any collateral attack, and further waive their right to appeal from the Judgment, except that Fridays and Defendants each agree that this Court shall retain jurisdiction for the purpose of enabling any party to this Judgment to apply to the

Court at any time for such further orders and directions as may be necessary or appropriate for the construction or the carrying out of the Judgment, for the modification of any of the injunctive provisions thereof, for enforcement of compliance therewith, for the punishment of violations of the Judgment and for enforcement of the parties' settlement agreement.

3. Fridays and Defendants have stipulated and consented to the entry of the Judgment without the taking of proof and without trial or adjudication of any fact or law herein.

4. Fridays and Defendants shall each bear their own costs and attorneys' fees related to the lawsuit and the preparation of this stipulation and the accompanying Judgment. In the event that any action or proceeding is brought to enforce the Judgment, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

5. The individuals signing below represent that they have been authorized by the parties they represent to sign this stipulation.

DATED: July 13, 2015　　　　　　　　HAYNES AND BOONE, LLP

By: /s/ Martin M. Ellison
Deborah S. Coldwell
Mark D. Erickson
Katie Dolan-Galaviz
Martin M. Ellison
Jamee Cotton
Attorneys for Plaintiff
TGI FRIDAY'S INC.

DATED: July 8, 2015　　　　　　　　TROUTMAN SANDERS LLP

By: /s/ Martin W. Taylor
Martin W. Taylor
Jennifer Mathis
William Droze
Michael McCarthy
Attorneys for Defendants
STRIPES RESTAURANTS, INC., JOHN PARDINI, AND ROBERT PARDINI

**ORDER**

Fridays and Defendants, having stipulated and consented to the entry of this Final Judgment and Permanent Injunction, without the taking of proof and without trial or adjudication of any fact or law herein, and the Court having considered the matter and good cause appearing **IT IS HEREBY ORDERED THAT**:

1. Defendants, their agents, servants, employees, and attorneys, and all those who act in concert or participation with them, are hereby permanently enjoined from the following acts:

   a. Using the Fridays' distinctive system, which includes, without limitation, the distinguishing characteristics of distinctive exterior and interior design and layout, including specially designed décor, furnishings and color schemes, special recipes, menu items and full service bar, menu formats, uniform standards, procedures and techniques for food and beverage preparation and service, automated management information and control systems for inventory controls, cash controls and sales analysis, technical assistance and training through course instruction and manuals, and advertising and promotional programs for the establishment and operation of a TGI Fridays™ Restaurant (collectively the "System"), Fridays' trade names, service marks, logos, insignias, slogans, emblems, symbols and designs, including "TGI Fridays" and "Fridays," (collectively the "Proprietary Marks"), and other proprietary materials, except as authorized by Fridays and by the terms of that certain Compromise Settlement Agreement and Mutual Release dated as of July 1, 2015 (the "Settlement Agreement"). Defendants must remove all point of sale materials that Fridays furnished or approved, interior and exterior signage, displays, and other materials bearing the Proprietary Marks or material confusingly similar to the Proprietary Marks, particularly these items located at 7101 Laguna Boulevard, Elk Grove, California 95758 (the "Elk Grove Restaurant"), 10343 North Wolfe Road, Cupertino, California 95014 (the "Cupertino Restaurant"), 3101 South El Camino Real, San Mateo, California 94403 (the "San Mateo Restaurant"), and at 1168 Galleria Boulevard, Roseville, California 95678 (the "Roseville Restaurant");

      b. Except as authorized by Fridays and by the terms of the Settlement Agreement, conducting business and operations using the System, the Proprietary Marks, and other proprietary materials, including at the Elk Grove Restaurant, Cupertino Restaurant, San Mateo Restaurant, and at the Roseville Restaurant; and

      c. Except as authorized by Fridays and by the terms of the Settlement Agreement, marketing or promoting themselves as Fridays' franchisees at the Elk Grove Restaurant, Cupertino Restaurant, San Mateo Restaurant, and Roseville Restaurant, through and with the System and the Proprietary Marks and other proprietary materials.

    2. This Permanent Injunction shall bind Defendants, their agents, servants, employees, and attorneys, and all those who act in concert or participation with them who receive actual notice of this Permanent Injunction.

    3. The Court shall retain jurisdiction for the purpose of enabling any party to this Judgment to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or the carrying out of this Judgment, for the modification of any of the injunctive provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof, if any.

    4. The Court shall also retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement.

    5. In light of the foregoing stipulation, Plaintiff's motion for preliminary injunction (Doc. 11) is DENIED as moot.

    The Clerk of the Court is respectfully directed enter this Judgment and close this case.

    This is a final judgment.

IT IS SO ORDERED.

Dated:  July 16, 2015                                    _____
                                    SENIOR DISTRICT JUDGE